PER CURIAM.
Calvin Gary appeals the summary denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Pro *336 cedure 3.850. We find merit in one of Gary’s claims and reverse as to it. We affirm the trial court’s order in all other respects without comment.
Gary asserts that his trial counsel was ineffective for failing to object to the jury instruction on attempted burglary, which Gary contends was “ambiguous, vague and unconstitutional.” Specifically, Gary asserts that the instruction combined an attempted burglary instruction with an attempt to commit a crime instruction and produced a hybrid instruction of attempt to commit attempted burglary. He contends that this hybrid instruction confused the jury and shifted the burden of persuasion onto him for some of the elements of the crime. We find this to be a facially sufficient claim for relief. See Yarbrough v. State, 599 So.2d 245 (Fla. 1st DCA 1992) (holding appellant made facially sufficient claim of ineffective assistance of counsel where he asserted counsel failed to object to jury instructions which improperly combined elements of separate offenses).
The trial court denied' relief on the basis that this claim was not cognizable in a rule 3.850 motion since it could have been raised on direct appeal. The trial court cited to Shabazz v. State, 422 So.2d 1062 (Fla. 2d DCA 1982), and Merrill v. State, 364 So.2d 42 (Fla. 1st DCA 1978), as support for this conclusion. Shabazz held that appellant’s allegation concerning the propriety of certain jury instructions attempted to raise matters which properly should have been raised on direct appeal. Merrill likewise held that allegations concerning jury instructions attempted to raise matters which properly should have been raised on direct appeal. Merrill further concluded that the lack of objection to certain jury instructions by appellant’s court-appointed counsel did not establish ineffective assistance of counsel since such matters fell within the judgment or strategy of counsel.
We conclude that Shabazz and Merrill are distinguishable from this case. Shabazz did not involve a claim that counsel was ineffective for failing to object to jury instructions. Instead, the appellant in Shabazz argued that certain jury instructions were erroneous, clearly a matter to be raised on direct appeal. To the extent Merrill did involve a claim of ineffective assistance of counsel, the court denied it on the basis that the decision not to object was a matter of strategy. It did not deny the claim on the basis that it should have been raised on appeal.
Here, a transcript of the jury instruction was not included in the record before us. Moreover, we cannot tell whether counsel failed to object to the instruction, as Gary asserts, and, if so, whether this failure prejudiced Gary or whether it was a matter of trial strategy. We accordingly reverse the trial court’s order as to this claim only. See Poole v. State, 746 So.2d 1207 (Fla. 1st DCA 1999)(reversing and remanding on claim that counsel was ineffective for failing to object to defective jury instruction where record failed to refute allegation that instruction omitted a necessary element of offense). On remand, the trial court shall either attach those portions of the record that conclusively refute Gary’s claim or hold an evi-dentiary hearing on it.
Affirmed in part, reversed in part, and remanded.
BLUE, A.C.J., and FULMER and GREEN, JJ., Concur.